IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| COURTNEY HAYES, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 10 C 7095 |
| ELEMENTARY SCHOOL DISTRICT NO. 159 et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' partial motion to dismiss and motion to strike. For the reasons stated below, the court denies the partial motion to dismiss and grants the motion to strike.

## BACKGROUND

In July 2008, Plaintiff Courtney Hayes (Hayes) was allegedly hired by Defendant Elementary School District No. 159 (District) as its Business Manager. Hayes allegedly entered into a one-year contract with the District. In April 2009, the District allegedly entered into a three-year contract with Hayes (2009 Contract). Hayes took leave due to a pregnancy, and on September 9, 2009, Ronald Wynn (Wynn), the District Superintendent, allegedly received a letter from Hayes'

1

physician (First Physician Letter), stating that Hayes could not return to work until September 21, 2009 due to medical complications. Upon receiving the First Physician Letter, Wynn allegedly obtained from Hayes the phone number of another person who had applied for the Business Manager position. On September 12, 2009, the members of Defendant Board of Education of Elementary School District No. 159 (Board) were informed of the contents of the First Physician Letter. Two days later, Wynn allegedly hired someone to replace Hayes as the District's Business Manager during her absence. On or about September 22, 2009, Wynn and the Board allegedly received another letter from Hayes' physician (Second Physician Letter), stating that Hayes could not return to work until after she had given birth because of pregnancy complications. Hayes also allegedly sent a letter to the District, requesting as an accommodation that her leave allowed under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq.*, run after her disability leave, rather than concurrently. (Compl. Ex. 7). In response to the First Physician Letter, Second Physician Letter, and Hayes' request for accommodations, the District allegedly gave Hayes the paperwork for requesting leave under the FMLA. Hayes contends that she completed the FMLA paperwork and signed it on October 2, 2009. On October 13, 2009, the District allegedly notified Hayes that her FMLA leave request was approved and that her FMLA leave would run concurrently with her accumulated paid leave beginning September 21, 2009. In late October or early November, the District also allegedly requested that Hayes propose reasonable accommodations that would allow her to return to work.

In early November 2009, Hayes allegedly submitted to the Board a proposal of reasonable accommodations for her return to work, including that she be allowed to work three days per week from the office and two days per week from home. Shortly thereafter, the District allegedly denied the requested accommodations, informed Hayes that she did not have a current employment contract with the District, and stated that Hayes therefore did not have a right to disability leave. Hayes claims that although she informed the District about her medical condition and need for accommodations, the District allegedly sent Hayes a letter on December 17, 2009, claiming that she had not provided the District with the requested information relating to her accommodations. The District also allegedly informed Hayes that her FMLA leave expired on December 14, 2009, and that she would be fired immediately if she did not return to work on that date. On or about January 4, 2010, the District allegedly received notice that Hayes had filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC Charge), and on January 15, 2010, the District allegedly terminated Hayes' employment.

Hayes includes in her complaint a claim alleging discrimination because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e *et seq.* (Count I), a Title VII retaliation claim (Count II), a claim alleging discrimination because of her disability in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12111 *et seq.* (Count III), an ADA retaliation claim (Count IV), a FMLA retaliation claim (Count V), a FMLA interference claim (Count VI), and a breach of contract claim (Count VII). Defendants move to dismiss

counts II, III, IV, VI, and VII and move to strike the requests for exemplary damages in Counts I-IV.

**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), a court must "accept as true all of the allegations contained in a complaint" and make reasonable inferences in favor of the plaintiff. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(stating that the tenet is "inapplicable to legal conclusions"); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). To defeat a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted)(quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that contains factual allegations that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (internal quotations omitted).

**DISCUSSION**

I. Title VII Retaliation Claim (Count II)

Defendants argue that Hayes has not shown that her termination was caused by her filing of the EEOC Charge. Defendants argue that for a Title VII retaliation claim, one of the elements that must be pled in order to state a cause of action is a

4

causal link between the protected activity and the adverse job action. However, a plaintiff is not required, as Defendants contend, to provide at the pleadings stage "evidence of causality." (Mot. 4). The caselaw upon which Defendants rely for such a proposition is caselaw addressing the standard for reviewing a motion for summary judgment filed by a defendant. *See, e.g., Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997, 1007 (7th Cir. 2000)(stating that a "causal link" was part of the *prima facie* case for proceeding under the *McDonnell Douglas* burden-shifting method). Defendants incorrectly assert that the cases cited by them set forth a pleading standard for a Title VII retaliation claim. In support of their causation arguments, Defendants cite, for example, *Clark County School Dist. v. Breeden*, 532 U.S. 268 (2001), *Cichon v. Exelon Generation Co., L.L.C.*, 401 F.3d 803 (7th Cir. 2005), *Miller v. American Family Mut. Ins. Co.*, 203 F.3d 997 (7th Cir. 2000), and *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134 (7th Cir. 1997), all of which involved a district court's ruling on a motion for summary judgment, rather than on a motion to dismiss. *Clark*, 532 U.S. at 269; *Cichon*, 401 F.3d at 805; *Miller*, 203 F.3d at 1000, 1007; *Gleason*, 118 F.3d at 1136-37. The elements for establishing a *prima facie* case under the *McDonnell Douglas* burden-shifting method are not applicable at the motion to dismiss stage. *See, e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 (2007)(indicating that "a complaint in an employment discrimination lawsuit [need] not contain specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas Corp*")(internal quotations omitted)(quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508 (2002)).

In the instant action, Hayes contends that on January 4, 2010, she filed the EEOC Charge and that on January 15, 2010, eleven days later, Defendants terminated her employment. Based upon the allegations, it is plausible that Hayes' protected activity led to her termination. Defendants argue that they had indicated in December 2009 that Hayes would be terminated if she did not return to work and that they thus terminated her employment based on a decision made prior to the filing of the EEOC Charge. Defendants assert that "[w]hen [Hayes] did not return to work at the end of her FMLA leave, she was discharged in accordance with the contemplated action of the District prior to her engaging in any protected activity." (Reply 7). However, Hayes alleges that Defendants informed Hayes in December 2009 that her employment would be "immediately" terminated unless she returned to work. (Compl. Par. 25). Hayes also alleges that Defendants did not terminate Hayes' employment immediately and instead waited more than a month after Hayes' FMLA leave expired to terminate Hayes' employment, which was after she filed the EEOC Charge. (Compl. Par. 27). Whether Defendants made the decision to terminate Hayes' employment prior to the filing of the EEOC Charge or whether the EEOC Charge was a factor in the decision to terminate Hayes' employment is a factual determination that cannot be made based upon the allegations in the pleadings. Therefore, the court denies the motion to dismiss Count II.

## II. ADA Claims (Counts III and IV)

Defendants argue that Hayes cannot show that she was a qualified individual

under the ADA. For an ADA failure to accommodate claim, a plaintiff must establish that: "(1) she is a qualified individual with a disability; (2) the defendant was aware of her disability; and (3) the defendant failed to reasonably accommodate her disability." *Gratzl v. Office of Chief Judges of 12th, 18th, 19th, and 22nd Judicial Circuits*, 601 F.3d 674, 678 (7th Cir. 2010)(internal quotations omitted)(quoting in part *EEOC v. Sears, Roebuck & Co.,* 417 F.3d 789, 797 (7th Cir. 2005)). A "qualified individual" is defined under the ADA as "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

Defendants argue that Hayes was not a qualified individual with a disability under the ADA because her doctor had indicated in a letter that Hayes could not return to work until she had her baby. However, whether or not Hayes was able to perform her job with or without reasonable accommodations involves a factual analysis regarding Hayes' physical condition and job duties that is far beyond the scope of the pleadings. Hayes' physician, in stating that he did not "authorize" her to return to work, did not purport to evaluate in his note whether Hayes was a qualified individual with a disability under the ADA. (Compl. Par. 23; Ex. 6, Ex. 9). The factual statements in the letters from Hayes' physician alone are not sufficient to conclusively determine whether Hayes was a qualified individual with a disability under the ADA. In addition, we note that although Defendants contend that Hayes clearly was unable to perform her job, Hayes alleges that while she was on leave, she

7

in fact did perform certain work for Defendants. Thus, whether Hayes was a qualified individual under the ADA cannot be ascertained based on the pleadings. Defendants also argue that Hayes was not deprived of her FMLA right to be restored to her position because, according to Defendants, Hayes was unable to return to work when her FMLA leave ended. However, as indicated above, it cannot be determined based on the pleadings whether Hayes was able to perform her job. Therefore, the court denies the motion to dismiss Counts III and IV.

III. FMLA Interference Claim (Count VI)

Defendants argue that Hayes has not shown that Defendants interfered with her exercising her FMLA rights. For an FMLA interference claim, a plaintiff must establish: "(1) she was eligible for the FMLA's protections; (2) her employer was covered by the FMLA; (3) she was entitled to leave under the FMLA; (4) she provided sufficient notice of her intent to take leave; and (5) her employer denied her FMLA benefits to which she was entitled." *Ames v. Home Depot U.S.A., Inc.,* 629 F.3d 665, 668-69 (7th Cir. 2011)(internal quotations omitted)(quoting *Caskey v. Colgate-Palmolive Co.*, 535 F.3d 585, 589 (7th Cir. 2008)). Defendants argue that the pleadings show that Hayes was provided with more than the 12 weeks of unpaid leave required under the FMLA and that Hayes was unable to return to work after the expiration of the FMLA leave. The complaint indicates that during 2010, Hayes was provided with more than 12 weeks of unpaid leave. However, the complaint also indicates that Hayes attempted to obtain certain accommodations which would have

allowed her to return to work, and it cannot be conclusively determined based on the pleadings alone whether Hayes was able to return to work at any given time. Hayes also argues that the allegations in the complaint suggest that Defendants terminated her employment to prevent Hayes from taking additional FMLA leave in mid-June 2011, when she would have been able to return to work without accommodations. Defendants argue that Hayes would not have qualified for FMLA leave in mid-June 2011 since she did not work sufficient hours in 2010, but such a determination cannot be made based on an evaluation of the pleadings alone. For example, Hayes contends that she did perform some work while on leave and there is no evidence at this juncture regarding the amount of hours that Hayes worked while on leave. Thus, based on the above, Hayes has pled sufficient allegations relating to her FMLA interference claim. Therefore, the court denies the motion to dismiss Count VI.

IV. Breach of Contract Claim (Count VII)

Defendants argue that the allegations in the complaint show that Hayes failed to honor the terms of the 2009 Contract and that, even if she had honored her obligations, the contract was void as a matter of law.

A. Breach of Terms of 2009 Contract

Defendants contend that Hayes failed to perform her duties as a Business Manager after she took leave in September 2009, and that since she failed to perform her duties, Defendants were not contractually obligated to pay Hayes. However, the

9

allegations in the complaint indicate that during her leave, Hayes did perform some work for Defendants. The allegations in the complaint also indicate that Hayes was on leave for some period without violating the terms of the 2009 Contract and that the District engaged in negotiations concerning her return to work. Whether Hayes' absence violated the terms of the employment contract at some point involves a factual analysis beyond the pleadings. Whether Hayes breached her obligations under the 2009 Contract or whether it was Defendants that breached their obligations under the contract is an issue that cannot be resolved at this juncture.

### B. Whether Contract is Void *Ab Initio*

Defendants also argue that, although Defendants signed the 2009 Contract with Hayes, the 2009 Contract was not permitted under Illinois law and is void *ab initio* as a matter of law. Pursuant to 105 ILCS 5/10-23.8a, in general, "school districts may only employ principals and other school administrators under either a contract for a period not to exceed one year or a performance-based contract for a period not to exceed 5 years. . . ." *Id.* Defendants contend that the 2009 Contract did not include performance-based goals in it and thus was void under Illinois law at its inception. However, the 2009 Contract, which is attached to the complaint as an exhibit, states that it is a "performance-based contract" and that "[s]tudent performance and academic improvement goals [were to] be established by the mutual agreement of the Business Manager and Superintendent, and approved and determined by the Board, during the first 90 days of [the] agreement." (Compl. Ex. 2

Par. 3). Afterwards, new annual performance-based goals were to be established. It cannot be ascertained based on the pleadings whether Hayes and the District formulated performance-based goals or whether such goals were memorialized in an addendum to the 2009 Contract or other document. Thus, it is premature at this juncture to determine whether the 2009 Contract was void *ab initio*, and the court denies the motion to dismiss Count VII.

V.  Exemplary Damages

Defendants argue that Hayes improperly seeks exemplary damages in Counts I-IV against Defendants, which are local public entities. Pursuant to 745 ILCS 10/2-102, local public entities are immune to punitive damages, and pursuant to 745 ILCS 10/1-206, the definition of a "local public entity" includes a school district and a school board. 745 ILCS 10/2-102; 745 ILCS 10/1-206. Hayes acknowledges in response to the motion to dismiss that the requests for exemplary damages are improper. (Ans. 7) Therefore, the court grants Defendants' motion to strike the requests for exemplary damages in Counts I-IV.

## CONCLUSION

Based on the foregoing analysis, the court denies Defendants' partial motion to dismiss and grants Defendants' motion to strike the requests for exemplary damages in Counts I-IV.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: March 21, 2011